10-3906-cv
Tompkins v. AlliedBarton Security Services

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of June, two thousand eleven.

PRESENT:
ROSEMARY S. POOLER,
ROBERT D. SACK,
GERARD E. LYNCH,
     *Circuit Judges.*

———————————————————————

Cynthia Tompkins,

     *Plaintiff-Appellant*,

     v.                                      No. 10-3906-cv

AlliedBarton Security Services,

     *Defendant-Appellee*.

———————————————————————

For Plaintiff-Appellant:     Cynthia Tompkins, *pro se*, Bronx, NY.

For Defendant-Appellee:     Matthew D. Crawford, Martenson, Hasbrouck & Simon, LLP Atlanta, GA (Janet B. Linn, Eckert Seamans Cherin & Mellott, LLC, White Plains, NY, *on the brief*).

Appeal from a judgment of the United States District Court for the Southern District of New York (Berman, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND**

**DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Cynthia Tompkins appeals *pro se* from the district court's judgment granting the Defendant-Appellee's motion for summary judgment and dismissing her claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 ("Title VII"), and the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1) ("EPA"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). Here, following an independent and *de novo* review of the record, we conclude that the district court properly granted the Defendant's motion for summary judgment, and thus affirm the district court's judgment for substantially the same reasons as set forth in the magistrate judge's well-reasoned and thorough report and recommendation.

We review Tompkins's challenge to the district court's denial of her motion for leave to amend her complaint to add a claim under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-12213, for abuse of discretion, *Chavis v. Chappius*, 618 F.3d 162, 167 (2d Cir. 2010). It is clear from the record that amendment of Tompkins's complaint to add an ADA claim would have been futile because the claim was untimely, 42 U.S.C. § 12117(a) (adopting the filing requirements of 42 U.S.C. § 2000e-5 for Title I ADA claims); 42 U.S.C. § 2000e-5(e)(1) (after the filing of a complaint in a state with a fair employment agency, such as New York, a charge must be filed with the EEOC within 300 days of the alleged discrimination or within 30 days of notice of termination of state proceedings, whichever comes first). Although the ADA's time limits for filing with the EEOC are not "jurisdictional," and are

2

therefore "subject to waiver, estoppel, and equitable tolling," *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982), here, it is clear that such a "rare and exceptional" remedy was not appropriate. *See Zerilli-Edelglass v. NYC Transit Off.*, 333 F.3d 74, 80 (2d Cir. 2003) (citing examples of where equitable tolling is considered appropriate, such as where a defendant's misconduct or a plaintiff's medical condition prevented timely filing). Accordingly, the district court did not abuse its discretion in denying Tompkins leave to amend her complaint to add an ADA claim.

Finally, inasmuch as Tompkins now attempts to allege a retaliation claim against her supervisor on appeal, generally this Court will not consider an issue raised for the first time on appeal, *see Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976), and no circumstances warranting review are present in this case, *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) (the bar to raising new issues on appeal may be disregarded if "necessary to remedy an obvious injustice" or "the elements of the claim were fully set forth" in the trial court).

We have reviewed Tompkins's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk