07-1739-pr
Polanco v. Hopkins

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2007

(Submitted: November 7, 2007                    Decided: December 6, 2007)

Docket No. 07-1739-pr

WILFREDO POLANCO,

     *Plaintiff-Appellant*,

     v.

WILLIAM J. HOPKINS, MARGARET FRABONI, CALVIN E. WEST,
CAROL HILLMAN, LT. G. LEBEDNICK, JAMES ESGLONS, Hearing Officer,

     *Defendants-Appellees.*

Before: CABRANES, SACK, and KATZMANN, *Circuit Judges.*

Plaintiff-appellant moves for leave to proceed *in forma pauperis* and for appointment of counsel in his appeal from the denial of *in forma pauperis* status by the District Court for the Western District of New York (Charles J. Siragusa, *Judge*) pursuant to 28 U.S.C. § 1915(g). We conclude that imminent danger exception of section 1915(g) does not violate prisoners' rights to equal protection of the laws and is not overbroad. Accordingly, section 1915(g) bars a prisoner who meets the statutory criteria from bringing another civil action.

Motions denied.

               Wilfredo Polanco, Malone, New York, *pro se.*

               Martin A. Hotvet, Office of New York State Attorney General, Albany, New York, *for Defendants-Appellees.*

PER CURIAM:

Section 1915(g) denies *in forma pauperis* status—that is, the ability to file a civil action with fees

paid by the Court—to an incarcerated person who has filed three or more previous actions deemed to be "frivolous, malicious, or [which] fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1] The issue presented here is whether that rule violates a prisoner's right of access to the courts[2] or is impermissibly overbroad.

In December 2003, plaintiff-appellant Polanco, *pro se* and incarcerated at Auburn Correctional Facility ("ACF"), filed a civil rights complaint in the United States District Court for the Western District of New York pursuant to 42 U.S.C. § 1983 against several employees of the New York Department of Correctional Services, alleging that he had been exposed to mold in a gym shower at Elmira Correctional Facility ("ECF") and was unjustly disciplined on two occasions at ACF.

In June 2004, Polanco filed an amended complaint, which clarified that he was alleging violations of his rights under the First and Fourteenth Amendments, the Eighth Amendment, and a host of New York State statutes.[3] Included with his complaint was Polanco's motion for leave to

---

[1] Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury.*

28 U.S.C. § 1915(g) (emphasis added). For an overview of the legislative history of the Prison Litigation Reform Act and its statutory scheme, see generally Developments in the Law, *The Prison Litigation Reform Act and the Antiterrorism and Effective Death Penalty Act: Implications for Federal District Judges*, 115 Harv. L. Rev. 1846 (2002).

[2] Polanco argues that section 1915(g) violates his guarantee of equal protection of the laws under the Fifth Amendment. *See Cuoco v. Moritsugu* 222 F.3d 99, 106 (2d Cir. 2000) (stating that equal protection analysis is same under Due Process Clause of the Fifth Amendment and Equal Protection Clause of the Fourteenth Amendment); *see also Nicholas v. Tucker*, 114 F.3d 17, 19 -20 (2d Cir. 1997) ("Although, unlike the Fourteenth Amendment, the Fifth does not contain an equal protection clause, it does forbid discrimination that is so unjustifiable [such as access to the courts] as to be violative of due process. The standards for analyzing equal protection claims under either amendment are identical.") (internal quotation marks and citations omitted).

[3] In his amended complaint, Polanco asserted that the black mold incident occurred in October 2002 at ECF, and that, because of his particular medical condition, exposure to the mold caused him serious harm.

In relation to his unjust discipline claims, Polanco asserted that an ACF guard retaliated against him in March

proceed *in forma pauperis*, which the district court granted in March 2004. Subsequently, counsel was appointed to represent Polanco.

In January 2007, defendants filed a motion to dismiss, arguing that Polanco was not entitled to *in forma pauperis* status as a result of section 1915(g)'s three-strikes rule, *see* note 1, *ante* (text of statute), and asserting that Polanco had accrued at least six such "strikes" against him. In response, Polanco, then represented by counsel, argued that he qualified for an exception to the three-strikes rule, which permits an additional filing where the plaintiff faces "imminent danger of serious physical injury," *see id*. He argued that, at the time of the events described in the complaint, he faced risks sufficient to qualify for the exception to the three-strikes rule. He also argued that if the exception to the three-strikes rule required imminent danger at the time of filing rather than at the time of the events described in the complaint, then the exception was overbroad and violated the Fifth Amendment's guarantee of equal protection of the laws. Polanco asserted that a "time-of-filing interpretation closes the courthouse door to indigent prisoners with three or more strikes who do not manage to file their federal actions during the difficult, and often fleeting, time that they are in imminent danger of serious physical injury."

In an order entered on March 23, 2007, the District Court (Charles J. Siragusa, *Judge*) revoked its previous determination permitting Polanco to proceed *in forma pauperis* and granted defendants' motion to dismiss. The Court rejected Polanco's constitutional challenges to section 1915(g). It found that, in the years preceding the motion to dismiss, more than three of Polanco's lawsuits or appeals had been

2003 by "confin[ing] him upon the 30 day penalty" and depriving him of a "keeplock shower," after Polanco had reported that the guard had abused his authority by calling Polanco "stupid" and by "threaten[ing] my life to beating my body."

Polanco also alleged that, in June 2003, in a separate incident, the defendants "wrote the wrong charge of misbehavior report," and subsequently he was improperly confined to the Special Housing Unit ("SHU"). While in the SHU, he lost weight because the facility refused to provide him with his "therapeu[tic] dietary or resource drink," and he breathed "germ bad condition," both of which harmed his health already weakened by He6atitis B. Polanco asserted that, during the time he was confined to the SHU, one or many guards stole his stamps, writing pad, and carbon paper.

3

dismissed by this Court as frivolous[4] and concluded that Polanco had alleged insufficient facts of an imminent danger of harm at either the time of his original complaint (December 2003) or his amended complaint (July 2004).

On April 20, 2007, Polanco timely filed a Notice of Appeal. The District Court subsequently filed an order dismissing the case for Polanco's failure to pay the filing fee, and judgment was entered on April 27, 2007. On appeal, Polanco seeks *in forma pauperis* status and appointment of counsel and claims that, to the extent that 28 U.S.C. § 1915(g) prevents him from securing *in forma pauperis* status in the circumstances presented, it is unconstitutional.

## DISCUSSION

We review *de novo* a district court's ruling pursuant to 28 U.S.C. § 1915. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).

## I.

The District Court properly determined, and Polanco did not dispute, that more than three of his prior lawsuits were dismissed for the reasons provided in section 1915(g). *See, e.g., Polanco v. Selsky*, No. 04-5716 (2d Cir. Sept. 7, 2005) (stating that, since 1987, five of Polanco's appeals were dismissed as frivolous and ordering him to show cause why he should not be enjoined from further filing without the Court's permission); *Polanco v. Lewis*, No. 99-0048 (2d Cir. Jan. 24, 2000) (dismissing appeal as frivolous within meaning of section 1915); *Polanco v. Allen*, No. 00-0215 (2d Cir. Mar. 28, 2002) (dismissing appeal because of lack of an arguable basis in fact or law); *Polanco v. Greifinger*, No. 99-0195 (2d Cir. Jul. 24, 2000) (dismissing appeal as lacking an arguable basis in law or fact and cautioning that further filing would result in sanctions); *Polanco v. McClellan*, No.99-0386 (2d Cir. Jul. 24, 2000)

---

[4]The District Court specifically listed five such instances: (1) *Polanco v. Selsky,* No. 02-CV-00680 (N.D.N.Y. Sept 29, 2004), *aff'd Polanco v. Selsky* , 145 F. Appx. 538, 2005 U.S. App. LEXIS 19529 (2d Cir. Sept. 7,2005); (2) *Polanco v. Lewis*, No. 96-CV-01426 (N.D.N.Y. Jan. 23, 1999), *dismissed* No. 99-0048 (2d Cir. Jan 24, 2000); (3) *Polanco v. Allan*, No. 93-CV-0148 (N.D.N.Y. Apr 4, 2002), *dismissed* No. 00-0215 (2d Cir. Mar. 28, 2002); (4) *Polanco v. Greifinger* No. 93-CV-6300 (W.D.N.Y. Jul. 28, 2000), *dismissed.* No. 99-0195 (2d Cir. Jul. 24, 2000); and (5) *Polanco v. McClellan*, No. 95-CV-06129 (W.D.N.Y. Jul. 31, 2000), *dismissed* No. 99-0386 (2d Cir. Jul. 24, 2000).

(dismissing appeal as lacking an arguable basis in law or fact and cautioning that further filing would result in sanctions). Nor did the District Court err in determining that Polanco's "allegations cannot support a determination that he was in imminent danger" of serious physical injury with respect to his claims relating to the health risks associated with his exposure to mold or to his claim of unjust discipline.

## II.

Polanco's remaining argument is a challenge to the constitutionality of section 1915(g). We find none of his constitutional challenges persuasive and join the other circuits that have upheld the constitutionality of this statute. *See Rodriquez v. Cook,* 169 F.3d 1176, 1178 (9th Cir. 1999) (holding that section 1915(g) does not unconstitutionally deny a prisoner's access to the courts); *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (rejecting right of access challenge to section 1915(g)); *Rivera v. Allin*, 144 F.3d 719, 723-24 (11th Cir. 1998) (same); *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997) (same). In the proceedings in the District Court, Polanco argued that section 1915(g)'s imminent danger exception to the three-strikes rule violates the constitutional guarantee of equal protection of the laws[5] by infringing on a prisoner's rights of access to the courts. He also objects to our court's time-of-filing interpretation of the imminent danger exception—that is, that the imminent danger is evaluated at the time of filing and not the time of the events alleged in the complaint, *see Malik v. McGinnis*, 293 F.3d 559, 562–63 (2d Cir. 2002). This requirement, he argued, "closes the door to indigent prisoners with three or more strikes who do not manage to file their federal actions during the difficult, and often fleeting, time that they are in imminent danger of serious physical injury."

As an initial matter, "we note that [*in forma pauperis*] status is not a constitutional right," but rather a "congressionally created benefit" which can be "extended or limited by Congress." *Rodriguez*,

---

[5] Because Polanco has not argued that he is a member of a suspect class, his equal protection claim is one based on his fundamental right of access to the courts as recognized in *Bounds v. Smith*, 430 U.S. 817, 821 (1977).

5

169 F.3d at 1180. Section 1915(g) presents no unconstitutional burden to a prisoner's access to the courts: the provision does not "prevent prisoner[s] . . . from filing civil actions, it merely prohibits [them] from enjoying [*in forma pauperis*] status." *Carson* 112 F.3d at 821. The "imminent danger exception," which permits, in certain instances, successive filings that would otherwise be barred, extends access to the courts rather than restricts it.[6] Accordingly, the imminent danger exception does not violate the rights of access to the courts granted by the equal protection guarantee of the Fifth Amendment.

We also conclude that section 1915(g) is not overbroad. Polanco contends that our time-of-filing interpretation of the imminent danger exception renders section 1915(g) "fatally overbroad because it prohibits inmates . . . with three or more strikes whose imminent danger ceased prior to filing the motion from proceeding [*in forma pauperis*], even if they did, in fact, suffer serious physical injury, while excusing from filing fee requirements prisoners who remained in danger even if they were never injured." *Polanco v. Hopkins*, No. 03-cv-0661, Pl.'s Opp'n to Mot. to Dismiss, Docket No. 83, at 13. This argument is simply an invitation to overturn our time-of-filing interpretation in *Malik*, an invitation that we decline.

## CONCLUSION

For the reasons stated above, the motions for *in forma pauperis* status and appointment of counsel are denied and the appeal is dismissed.

---

[6] There may be some instances where the Constitution requires the waiver of filing fees for indigents in civil actions. *See, e.g., M.L.B. v. S.J.J.*, 519 U.S. 102, 113-15 (1996); *Boddie v. Connecticut*, 401 U.S. 371, 374 (1971). We need not address whether Congress could eliminate the imminent danger exception so as to bar indigent prisoners with three strikes from proceeding in all cases without paying filing fees.