14-2237-pr; 14-3135-pr; 14-4196-pr; 14-4200-pr
Carolina v. Rubino; Carolina v. Hernandez; Carolina v. Woo; Carolina v. Lightner

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand sixteen.

PRESENT:  REENA RAGGI,
          PETER W. HALL,
                *Circuit Judges,*
          LAURA TAYLOR SWAIN,
                *District Judge.*\*

-------------------------------------------------------------------------
TYRONE DOUGLAS CAROLINA,
          *Plaintiff-Appellant*,


          v.                                                    No. 14-2237-pr


MICHAEL A. RUBINO, SYDNEY T. SCHULMAN,
          *Defendants-Appellees*.
-------------------------------------------------------------------------
TYRONE DOUGLAS CAROLINA,
          *Plaintiff-Appellant*,


          v.                                                    No. 14-3135-pr

---

\* The Honorable Laura Taylor Swain, of the United States District Court for the Southern District of New York, sitting by designation.

MIRNA HERNANDEZ, RN Nurse; JON DOE, Medical Staff; JANE DOE, Medical Staff,

*Defendants-Appellees*.

--------------------------------------------------------------------------

TYRONE DOUGLAS CAROLINA,

*Plaintiff-Appellant*,

v.                                                          No. 14-4196-pr

JHONY WOO, Medical U.R.C; DR. RUIZ, LIGHTNER, Medical Supervisor of MacDougall Correctional Institution; DR. KEVIN MCCRYSTAL; DR. PILLAI OMPRAKASH; DR. JAMES O'HALLORAN; MEDICAL SUPERVISOR OF CHESHIRE,

*Defendants-Appellees*.

--------------------------------------------------------------------------

TYRONE DOUGLAS CAROLINA,

*Plaintiff-Appellant*,

v.                                                          No. 14-4200-pr

LIGHTNER, Medical Supervisor; NURSE LAURICE; NURSE ALICE; CAPTAIN ROBLES; JOHN DOE, Doctor,

*Defendants-Appellees*.

--------------------------------------------------------------------------

| APPEARING FOR APPELLANT: | JOHN BOSTON (Seymour W. James, Jr., and Veronica Vela, *on the brief*), Legal Aid Society, New York, New York. |
|---|---|
| APPEARING FOR APPELLEES: | MICHAEL A. MARTONE, Assistant Attorney General (Michael K. Skold, Assistant Attorney General, *on the brief*), *for* George Jepsen, Attorney General of the State of Connecticut, Hartford, Connecticut. |

2

APPEARING FOR INTERVENOR:                    LOWELL V. STURGILL JR., Attorney,
                                             Civil Division (Barbara L. Herwig,
                                             Attorney, Civil Division, *on the brief*), *for*
                                             Benjamin C. Mizer, Assistant Attorney
                                             General, United States Department of
                                             Justice, Washington, D.C.

Appeals from judgments of the United States District Court for the District of Connecticut (Robert N. Chatigny and Alfred V. Covello, *Judges*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of the district court are AFFIRMED.

Plaintiff Tyrone Douglas Carolina, an inmate serving a 12-year state sentence in Connecticut, appeals from four judgments denying him leave to proceed in forma pauperis under the Prison Litigation Reform Act's ("PLRA") three strikes rule, see 28 U.S.C. § 1915(g), and dismissing his complaints against various attorneys and prison staff members for failure to pay the filing fee.[1]  Carolina argues that § 1915(g) impermissibly burdens his right to access the courts and denies equal protection, thereby violating the Constitution both on its face and as applied to him.  We review the constitutionality of a statute de novo.  See United States v. Bryant, 711 F.3d 364, 368 (2d Cir. 2013).  In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

---

[1] These four appeals are not consolidated, but they were argued and briefed in tandem. See, e.g., Carolina v. Rubino, No.14-2237-pr (2d Cir.), ECF No. 34.

1.    Carolina's Three Strikes

In granting Carolina's motions to proceed in forma pauperis on these appeals and for the appointment of counsel, this court directed counsel to brief certain issues, specifically how many PLRA strikes Carolina had and whether certain of Carolina's dismissals qualified as strikes. Carolina now concedes that he has at least three valid PLRA strikes. Accordingly, we need not here consider whether Carolina's various dismissals constitute PLRA strikes, as this issue is now moot.

2.    Constitutional Challenges to PLRA

In responding to the request for briefing, Carolina's counsel raises two constitutional challenges to § 1915(g), which were neither presented to the district court nor invited by this court.[2] While we typically do not address matters raised for the first time on appeal, we nevertheless have broad discretion to do so. See Singleton v. Wulff, 428 U.S. 106, 121 (1976); Booking v. Gen. Star Mgmt. Co., 254 F.3d 414, 418–19 (2d Cir. 2001). In the interests of judicial economy, we exercise that discretion here, recognizing both the likelihood that Carolina will soon file a new complaint reiterating his constitutional challenges and our ability swiftly to resolve his arguments under established precedent.

---

[2] Contrary to Carolina's suggestion, our order instructing counsel to address the enumerated issues, "along with any others that merit discussion," was not an invitation to raise forfeited arguments.

a.    Right To Access Courts

Carolina contends that § 1915(g) violates his First Amendment right to access the courts.   It is "established beyond doubt that prisoners have a constitutional right of access to the courts."   Bounds v. Smith, 430 U.S. 817, 821 (1977); see U.S. Const. amend. I. ("Congress shall make no law . . . abridging . . . the right of the people . . . to petition the Government for a redress of grievances.").   This right is not unlimited, however.   Indeed, even before enactment of the PLRA, in order to protect "the fair allocation of judicial resources," the Supreme Court recognized a judicial duty to deny in forma pauperis status to individuals whom the court, in its discretion, determined had abused the system.   In re Sindram, 498 U.S. 177, 180 (1991).

Here, Carolina's argument is defeated by precedent holding that § 1915(g) does not deny a prisoner access to the courts.   See Polanco v. Hopkins, 510 F.3d 152, 156 (2d Cir. 2007) (holding that § 1915(g) "presents no unconstitutional burden to a prisoner's access to the court" because it "does not prevent prisoner[s] . . . from filing civil actions, it merely prohibits them from enjoying [in forma pauperis] status" (internal quotation marks omitted)); Snider v. Melindez, 199 F.3d 108, 110 (2d Cir. 1999) (noting that §1915(g) serves only to narrow "the circumstances under which prisoners may file in forma pauperis . . . in the federal courts").   As the Supreme Court has ruled, where a fundamental right is not implicated, there is no constitutional right to proceed in forma pauperis.   See United States v. Kras, 409 U.S. 434, 450 (1973) (explaining that there is no "unlimited rule that an

5

indigent at all times and in all cases has the right to relief without the payment of fees"). Because § 1915(g) affects only Carolina's ability to proceed in forma pauperis after repeated filings reaching a level that Congress has deemed abusive, see 28 U.S.C. § 1915(g), he cannot demonstrate a constitutionally impermissible burden on his right to access the courts.

In urging otherwise, Carolina argues that Polanco's holding pertains only to the imminent danger exception to § 1915(g). The opinion's language and citations, all of which concern the constitutionality of § 1915(g) at large, do not support this narrow reading. To the contrary, they indicate that we there considered whether § 1915(g), as a whole, either violates a prisoner's right to access the courts or is impermissibly overbroad. See Polanco v. Hopkins, 510 F.3d at 153−56. Ultimately, this court held that "none of [Polanco's] constitutional challenges [were] persuasive," and we thus joined "the other circuits that have upheld the constitutionality of this statute." Id. at 156. Indeed, Polanco states that "[s]ection 1915(g) presents no unconstitutional burden to a prisoner's access to the courts." Id. (emphasis added). Accordingly, Polanco is not distinguishable,[3] and its holding forecloses Carolina's First Amendment challenge.

---

[3] Carolina also contends that his case is distinguishable from Polanco because he challenges the constitutionality of the three-strikes provision as applied to his case. He fails to explain, however, how his apparent inability to pre-pay the filing fees affects the constitutionality of § 1915(g). In any event, as explained infra at 7, Carolina's complaints do not involve interests similar to those that the Supreme Court has recognized to require court fee waivers for indigents.

6

That the Constitution requires states to waive filing or other court fees for indigent persons in cases involving certain fundamental rights, often pertaining to family relationships, warrants no different conclusion. See M.L.B. v. S.L.J., 519 U.S. 102, 113 (1996) (recognizing right to free court access only in "narrow category" of civil cases); see, e.g., Little v. Streater, 452 U.S. 1, 13−17 (1981); Boddie v. Connecticut, 401 U.S. 371, 376 (1971); cf. Ortwein v. Schwab, 410 U.S. 656, 658−59 (1973) (rejecting constitutional challenge to filing fee by indigents appealing adverse welfare decision because interest at stake was not akin to marital relationship); United States v. Kras, 409 U.S. at 444−45 (same regarding filing fee to discharge bankruptcy). Neither the Supreme Court nor this court has extended this line of precedent to all civil cases alleging violations of fundamental constitutional rights. Rather, the general rule in civil cases—even those alleging constitutional violations—remains that "indigent persons have no constitutional right to proceed in forma pauperis." M.L.B. v. S.L.J., 519 U.S. at 119.[4]

Carolina's complaints here do not invoke interests recognized as fundamental in prior precedent. Thus, he has no constitutional right to proceed in forma pauperis that is burdened by § 1915(g)'s three strikes rule.

b.     Equal Protection

Carolina argues that § 1915(g) violates equal protection by (1) denying court access

---

[4] Section 1915(g) has no application to criminal cases, where an indigent's rights are broader.

to indigent prisoners while affording it to similarly situated prisoners who can pay the filing fee, and (2) treating prisoners differently from other litigants. Carolina acknowledges that neither prisoners nor indigents qualify as a suspect class. Nevertheless, he urges strict scrutiny based on the alleged burden § 1915(g) imposes on a prisoner's right to access the courts. For reasons already explained, § 1915(g) imposes no such burden, either on its face or as applied to Carolina. Accordingly, § 1915(g) is subject only to rational-basis review, which it easily passes.[5]

As early as 1892, "Congress recognized . . . that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In 1996, Congress responded to the problems caused by frivolous prisoner litigation by enacting "a variety of reforms designed to filter out the bad claims and facilitate consideration of the good"; among these reforms is the PLRA's three strikes rule. Jones v. Bock, 549 U.S. 199, 204 (2007). The rule is a reasonable response to an identified problem and, thus, satisfies rational basis review. See Nicholas v. Tucker, 114 F.3d 17, 20 (2d Cir. 1997) (concluding that PLRA "easily passes the rational basis test" and that "Act's goals of relieving the pressure of excessive prisoner filings on our

---

[5] We reject Carolina's unsupported suggestion that intermediate scrutiny might somehow apply.

8

overburdened federal courts is a constitutionally legitimate one"). Accordingly, Carolina's equal protection challenge fails.

3.    Imminent Danger

Although Carolina concedes that his complaint in Carolina v. Hernandez, No. 14-3135-pr, failed plausibly to allege a risk of imminent physical injury sufficient to bypass § 1915(g)'s bar, he argues that the district court should have granted him leave to amend his pleadings. Pro se plaintiffs are normally afforded an opportunity to amend, see Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999), but leave need not be granted where even a liberal reading of the complaint fails to give "any indication that a valid claim might be stated." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted). That is this case. Carolina's complaint, filed in November 2013, alleged acts occurring in July 2011. To plausibly plead an imminent danger of serious physical injury, however, a plaintiff must allege a then-present danger, as opposed to harms that have already occurred. See Malik v. McGinnis, 293 F.3d 559, 562−63 (2d Cir. 2002). Because Carolina alleged only past harms, his complaint did not present the possibility of his stating a valid imminent-danger claim. Thus, because amendment would have been futile, the district court did not abuse its discretion by dismissing Carolina's complaint without granting leave to amend.

4.    Conclusion

We have considered Carolina's remaining arguments and conclude that they are

without merit.   We therefore AFFIRM the judgments of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court