17-119-cv
Jackson v. Marks

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 17th day of May, two thousand eighteen.

PRESENT: PIERRE N. LEVAL,
GERARD E. LYNCH,
CHRISTOPHER F. DRONEY,
*Circuit Judges*.

—————————————————————————

NAHSHON JACKSON,

*Plaintiff-Appellant*,

v.                                                                No. 17-119-cv

LAWRENCE K. MARKS, TINA M. STANFORD,
JEFF MCKOY, JEFFERY A. HALE,

*Defendants*.

—————————————————————————

FOR PLAINTIFF-APPELLANT:          MATTEO GODI, Samuel Adkisson, Law Students, Yale Law School Appellate Litigation Project, New Haven, CT,

Tadhg Dooley, Benjamin M. Daniels, Wiggin and Dana LLP, New Haven, CT.

Appeal from the United States District Court for the Southern District of New York (McMahon, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court dismissing this action is **VACATED**, and the matter is **REMANDED** for further proceedings consistent with this summary order.

NahShon Jackson, a former inmate in the custody of the New York State Department of Correction and Community Supervision ("DOCCS"),[1] alleged in a civil complaint that he was deprived of approximately half of his weekly meals because they did not comport with his religious requirements. Jackson is a Rastafarian and adheres to a religious diet called Ital. Ital prohibits the consumption of meat and preservatives.

For some period during his incarceration, Jackson was served all of his meals from the "Cold Alternative Diet," which comported with his religious dietary restrictions. In October 2015, however, Defendant McKoy, in his role as DOCCS Deputy Commissioner for Programs, approved a change in Jackson's meal plan, requiring that ten of his twenty-one weekly meals be served from the "Pilot Hot Kosher Menu." App. 22, 24. According to Jackson, he could not eat from the "Pilot Hot Kosher Menu" without violating his sincerely held religious beliefs. Jackson further alleged that he had previously entered into an agreement with DOCCS that bound him to eat only items that were included in the "Cold Alternative Diet." Therefore, Jackson could not eat the meals on the "Pilot Hot Kosher Menu" that did not comport with the "Cold Alternative Diet" or his religion, and thus, he was effectively denied approximately half of his meals.

Jackson requested permission to file a complaint in the federal court regarding that alleged deprivation, along with other claims, *in forma pauperis* because he could not afford the district court's filing fee. The district court denied this request, finding that Jackson had accumulated three "strikes" under 28 U.S.C. § 1915(g) because he had three or more prior actions dismissed as frivolous or malicious, or for failing to state a claim upon which relief may be granted. As a result, the district court dismissed this action without prejudice. Jackson then filed his appeal of that order with this Court. We granted Jackson's motion to proceed *in forma pauperis* on the issue of whether his assertion that he was denied proper meals was sufficient to satisfy the "imminent danger exception" to the "three-strikes" provision and appointed counsel.

Jackson argues that he should be excepted from the "three-strikes rule" because he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). We review *de novo* the district court's ruling on the three-strikes rule. *Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007). Moreover, we need not make an "overly detailed inquiry into whether

---

[1] Plaintiff was released from incarceration in May 2017. His claims for damages may still move forward, though any claims for declaratory or injunctive relief are now moot. *Beyah v. Coughlin*, 789 F.2d 986, 988–89 (2d Cir. 1986).

the allegations qualify for the exception," as the three-strikes rule is merely a threshold procedural question. *Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010). We agree that Jackson has alleged a sufficiently serious injury to fall under the exception listed in section 1915(g). Jackson alleged that missing approximately half of his weekly meals caused him to suffer weight loss, stress, and hunger. We have previously held that "a substantial deprivation of food" can cause serious physical harm sufficient to find cruel and unusual punishment in violation of the Eighth Amendment. *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983). Given that the section 1915(g) analysis is a less exacting standard than the Eighth Amendment analysis, *compare Chavis*, 618 F.3d at 169, *with Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002), we conclude that Jackson's allegations meet the exception to the three-strikes rule because the allegations of deprivations of food were prolonged and substantial.

Jackson's complaint also alleges constitutional violations against Defendants Marks and Stanford related to Jackson's parole supervision. Although those allegations do not meet the "imminent danger" exception of § 1915(g), they may proceed on remand. *See Chavis*, 618 F.3d at 171–72 (a plaintiff filing *in forma pauperis* on the basis of the imminent danger exception may proceed with all claims contained in the complaint even if some do not meet the exception).

Accordingly, we **VACATE** the judgment of the district court dismissing this case, and **REMAND** for further proceedings consistent with this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3