*Harnage v. Kenny*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand twenty.

PRESENT:
>PIERRE N. LEVAL,
>ROBERT A. KATZMANN,
>RAYMOND J. LOHIER, Jr.,
>>*Circuit Judges.*

_____

James A. Harnage,

>>*Plaintiff-Appellant*,

>v.                                                                              19-3735

Thomas Kenny, Anthony Corcella, Scott S. Semple,
Rollin Cook, A. Hannah, Warden, State of
Connecticut Department of Correction,

>>*Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:             James A. Harnage, pro se, Newtown, CT.

FOR AMICUS CURIAE:             Stephen R. Finucane, Assistant Attorney General, *for* William Tong, Attorney General, State of Connecticut Office of the Attorney General, Hartford, CT.

Appeal from an order of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **VACATED,** and the case **REMANDED** for further proceedings.

Plaintiff-appellant James Harnage, pro se and incarcerated, sued the Connecticut Department of Correction ("Connecticut DOC") and several state prison officials under 42 U.S.C. § 1983, alleging that they were deliberately indifferent to his exposure to injury from smoke inhalation in his housing unit, in violation of the Eighth Amendment. He alleged that he was exposed to "a heavy concentration of toxic smoke" that entered his unit and cell from an adjacent courtyard as the result of prayer services of Native American inmates—known as "smudging"—in which inmates burned "dried tobacco, wood, plants, and other unknown carcinogenic matter." He also moved for in forma pauperis ("IFP") status. Harnage conceded that he had three strikes pursuant to 28 U.S.C. § 1915(g), precluding him from obtaining IFP status unless he was in "imminent danger of serious physical injury." However, Harnage alleged that that exception applied because his exposure to smoke in his housing unit—which caused severe respiratory symptoms exacerbated by his past tuberculosis diagnosis—placed him in imminent danger of serious physical injury. The district court denied the IFP motion, concluding that Harnage's alleged symptoms did not qualify as serious physical injuries contemplated by § 1915(g) and ordering him to pay the filing fee within 30 days to prevent dismissal of his action. Instead, Harnage appealed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We have jurisdiction over this appeal, despite the fact that the district court has not entered a final judgment, because the denial of an IFP motion under 28 U.S.C. § 1915 is immediately appealable. *See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988) (per curiam).

When, as here, a prisoner has had at least three prior cases or appeals dismissed as frivolous, malicious, or for failure to state a claim, courts may not grant any new IFP motion that he files unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). We review the denial of IFP status pursuant to § 1915 *de novo*. *See Shepherd v. Annucci*, 921 F.3d 89, 93 (2d Cir. 2019).

In *Chavis v. Chappius*, we set forth the following elements for the imminent danger exception to apply: as alleged in the complaint, (1) the danger must "exist[] at the time the complaint is filed"; (2) "the feared physical injury must be serious"; and (3) "the complainant's claims of imminent danger are [not] conclusory or ridiculous." 618 F.3d 162, 169–70 (2d Cir. 2010).[1] And we stressed that § 1915(g) "is not a vehicle for determining the merits of a claim" and that "[t]o fine-tune what is serious enough to qualify for the exception . . . would result in a complicated set of rules" beyond the requirements of the statute. *Id.* at 170. Accordingly, courts "should not make an overly detailed inquiry into whether the allegations qualify for the exception, because § 1915(g) concerns only a threshold procedural question[.]" *Id.* at 169.

Harnage satisfied the first element of the imminent danger exception by alleging that his

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

exposure to smoke and his resulting symptoms "exist[ed] at the time the complaint [was] filed." *Id.*; *see also Malik v. McGinnis*, 293 F.3d 559, 562–63 (2d Cir. 2002). As to the third element, his allegations were neither "conclusory" nor "ridiculous." *Chavis*, 618 F.3d at 170. He alleged, in detail: (1) that his symptoms began immediately upon his transfer to the new housing unit; (2) that the courtyard where the smudging ceremonies were held was connected to his prison housing unit by a misshapen, drafty door and ventilation ducts, allowing smoke to enter the housing unit and his cell; (3) that he has been suffering from tuberculosis, which made him more vulnerable to environmental contaminants like smoke; and (4) that he suffered an array of increasingly serious symptoms upon his transfer to the new unit, including inability to breathe, choking, watery eyes, severe congestion, severe migraines, sore throat, nausea, and vomiting. In *Davis v. New York*, a § 1983 lawsuit alleging an Eighth Amendment violation, we held that similar allegations of harm from second-hand smoke exposure were non-conclusory. *See* 316 F.3d 93, 100–01 (2d Cir. 2002) (holding that plaintiff's allegations that second-hand smoke from fellow inmates chain-smoking "fill[ed] the air and enter[ed his] cell," causing him "to suffer dizziness, difficulty breathing, blackouts, and respiratory problems[,]" were not conclusory).

As to the second element of the imminent danger exception, we have not ruled on whether symptoms resulting from such smoke exposure might be serious enough to qualify under § 1915(g). However, binding caselaw holds that symptoms from second-hand smoke exposure can constitute serious harm in the Eighth Amendment context. *See, e.g.*, *Helling v. McKinney*, 509 U.S. 25, 34–35 (1993) (holding that a prisoner alleging harm from exposure to second-hand smoke stated a deliberate indifference claim because of future health risks from such exposure); *Warren*

4

*v. Keane*, 196 F.3d 330, 333 (2d Cir. 1999) (denying qualified immunity defense and holding that "after *Helling*, it was clearly established that prison officials could violate the Eighth Amendment through deliberate indifference to an inmate's exposure to levels of [second-hand smoke] that posed an unreasonable risk of future harm to the inmate's health.").

In concluding that the smoke exposure was not serious, the district court relied on *Polanco v. Hopkins*, 510 F.3d 152 (2d Cir. 2007), for the proposition that a prisoner's exposure to mold in a gym shower did not support a finding of imminent danger. But *Polanco* does not foreclose a finding of imminent danger here. In that case, a prisoner alleged that his exposure to mold *at a previous prison* caused him serious harm. *See id.* at 154, 154 n.3 (describing allegations). In contrast, Harnage alleged that he was still housed at the prison where he was being exposed on a daily basis to smoke.

Furthermore, we have cautioned against an overly stringent application of this element of the imminent danger exception, because § 1915(g) "is not a vehicle for determining the merits of a claim." *Chavis,* 618 F.3d at 170. The district court misapplied this standard by determining, with limited explanation, that Harnage's claimed injury was not sufficiently serious and, in essence, requiring Harnage to prove causation in connection with his IFP motion by observing that he did not seek medical attention to confirm that the smudging was the source of his ailments.

We have reviewed the remaining arguments and find them to be without merit.[2] For the

---

[2] Defendants argue that the complaint must be dismissed as to Connecticut DOC because it is immune from suit under the Eleventh Amendment and is not a "person" under § 1983. They did not raise this matter before the district court, and it is not applicable to the decision denying IFP status on appeal. Accordingly, we decline to address this matter in the first instance. *See*

foregoing reasons, we **VACATE** the order of the district court and **REMAND** for further

proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

*also Eng v. Coughlin*, 858 F.2d 889, 897 (2d Cir. 1988) (noting the Court's "usual practice" of allowing the district court "to consider Eleventh Amendment immunity in the first instance").

6