Corley v. Farrell

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

      **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty-one.**

PRESENT:
> JOHN M. WALKER, Jr.,
> ROBERT A. KATZMANN,
> MICHAEL H. PARK,
>     *Circuit Judges.*

_____

Royce Corley,

      *Plaintiff-Appellant*,

    v.                                                                20-490

Harry J. Farrell, Andrew O'Connell, Lucia E. Pagano, James Slevin, John Capra, Robert Farrell, Lisa Vella, Robert Stahl, James Shillitto, Anthony Pedagna, Paul Albano, John Doe # 1, Utility Workers Union of America-ERISA Administrator, in their individual and official capacity as agents and representatives of the Utility Workers Union of America ("UWUA") and its Local Union No. 1-2; affiliated with the American Federation of Labor and Congress of Industrial Organizations, Michael Stanisich, Mary Adamo, Loretta Vanacore, Claude Trahan, Michael T. Haggerty, Walter Panchyn, Henry Dong, Etwaria S. Seenauth, Frank Camello, John Doe #2, Consolidated Edison Company of New York, Inc.-ERISA Administrator, in their

individual and official capacity as officers,
supervisors and management-employess of
Consolidated Edison Company of New York, Inc.,

*Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:                    Royce Corley, pro se, Brooklyn, NY.

FOR DEFENDANTS-APPELLEES:              No appearance.


Appeal from an order of the United States District Court for the Southern District of New York (McMahon, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Royce Corley, pro se, appeals the district court's order denying reconsideration of its judgment dismissing Mr. Corley's action as barred by *res judicata*. In a prior action filed in the U.S. District Court for the Eastern District of New York in 2016, Mr. Corley sued employees of his former employer and labor union, challenging a suspension and his termination in 2012. That action was dismissed because the district court found that the federal claims were time-barred and declined to exercise supplemental jurisdiction over the state-law claims. A panel of this Court dismissed Mr. Corley's appeal as frivolous.

In 2018, Mr. Corley then filed the present action in the U.S. District Court for the Southern District of New York (McMahon, *C.J.*) against the same defendants. He alleged the same facts and raised the same claims as the prior action, but also asserted new claims under the Employee Retirement Income Security Act of 1974 ("ERISA"). The district court dismissed the present action as barred by *res judicata*, and another panel of this Court dismissed Mr. Corley's appeal as

2

frivolous. More than a year later, Mr. Corley moved for reconsideration in the district court, arguing that it erred by considering the *res judicata* issue *sua sponte*, that *res judicata* did not apply, and that the improper dismissal of his prior actions and appeals made him subject to the three-strikes rule of 28 U.S.C. § 1915(g). The district court denied reconsideration, and Mr. Corley timely appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a denial of a motion for reconsideration for abuse of discretion. *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 131–32 (2d Cir. 1999). Upon review of the record and relevant case law, we conclude that the district court did not abuse its discretion in denying the motion for reconsideration.

First, Mr. Corley argues that the district court should not have raised the *res judicata* issue on its own accord, and that the onus was on the defendants to plead *res judicata* as an affirmative defense. But this argument is without merit, as we have written that a district court may raise a *res judicata* issue *sua sponte*. *See Scherer v. Equitable Life Assurance Soc'y*, 347 F.3d 394, 398 n.4 (2d Cir. 2003); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (per curiam).

Second, Mr. Corley argues that his claims in the present action are not barred by *res judicata* because (1) his original, Eastern District action was not resolved on the merits, and (2) he brought his ERISA claims for the first time in the Southern District action. But contrary to Mr. Corley's position, the Eastern District's dismissal of his federal claims as time-barred does operate as a decision on the merits for the purposes of *res judicata*. *See PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 896 (2d Cir. 1983) ("The longstanding rule in this Circuit . . . is that a dismissal for failure to comply with the statute of limitations will operate as an adjudication on the merits, unless

3

it is specifically stated to be without prejudice."). Further, Mr. Corley's ERISA claims are barred by *res judicata* even though he did not raise them in the Eastern District lawsuit. The general rule is that a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been* raised in that action." *Proctor v. LeClaire*, 715 F.3d 402, 411 (2d Cir. 2013) (emphasis added) (citation omitted). Here, Mr. Corley's ERISA claims arise from the same facts and circumstances as his other claims, and so he could have asserted his ERISA claims in the Eastern District action even though he did not actually do so.

Finally, Mr. Corley argues that the dismissals of his actions and appeals will result in strikes under 28 U.S.C. § 1915(g), which will deprive him of due process and an opportunity to be heard in future lawsuits. This argument provides no basis for reversing the district court's order. *See Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (per curiam) (holding that § 1915(g) "presents no unconstitutional burden to a prisoner's access to the courts"). In any event, Mr. Corley has been released from prison since filing this appeal, so his contention that § 1915(g) will apply to him in future lawsuits is speculative.

We have considered Mr. Corley's other arguments on appeal and find in them no basis for reversal. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4