07-2304-pr
Chavis v. Chappius

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2009

(Argued: June 17, 2010                    Decided: August 17, 2010)

Docket No. 07-2304-pr

_____

GEORGE M. CHAVIS,

*Plaintiff-Appellant*,

v.

P. CHAPPIUS, P. CORCORAN, S. SKOWLY, J. NORTHROP, R. BARNARD, C. RETROSSI, C. KERBEIN, C. WASHBURN, P. JAYNE, E. DELANY, M. DELARO, T. HANA, T. MORTON, M. MILES, J. AYERS, R. SQUIRES, M. DEBURGOMASTER, S. HODGE, B. BRANDT, WALSH, JILLSTON, B. WOLNAREK, ANGIE, CARPENTER, SHUMAKER, J. IRRIZARRY, FURHMAN, M. MCGINNIS, H.A. COLLECT, D. SELSKY, J. ESCROW,

*Defendants*,

ANDREW M. CUOMO, Attorney General of the State of New York,

*Amicus Curiae.*[*]

_____

Before: MCLAUGHLIN, CALABRESI, LIVINGSTON, *Circuit Judges*.

Appeal from orders of the United States District Court for the Western District of New York (Elfvin, J., and Siragusa, J.) denying leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g) and dismissing Plaintiff's complaint for failure to pay the filing fee. We hold (1) that a complaint and a subsequent appeal therefrom qualify as separate "strikes" if both are dismissed for reasons listed in § 1915(g); (2) that the District Court abused its discretion in denying Plaintiff's motion for leave to amend his complaint; and (3) that a plaintiff who satisfies § 1915(g)'s "imminent danger" exception may proceed *in forma pauperis* on all claims in her complaint. We VACATE and REMAND to allow amendment.

_____

---

[*] The clerk of court is directed to amend the official caption accordingly.

SAVVAS A. FOUKAS (Vilia B. Hayes, *on the brief*), Hughes Hubbard & Reed LLP, New York, N.Y., *for Plaintiff-Appellant.*

MARTIN A. HOTVET, Assistant Solicitor General, *for* Nancy A. Spiegel, Senior Assistant Solicitor General, Barbara D. Underwood, Solicitor General, *and* Andrew M. Cuomo, Attorney General, New York, N.Y., *for Amicus Curiae.*

_____

CALABRESI, *Circuit Judge:*

Plaintiff-Appellant George Chavis brought suit in the United States District Court for the Western District of New York, claiming, *inter alia*, that he had been beaten and denied medical treatment by staff members and officials of Southport Correctional Facility ("Southport"), where he was incarcerated. Chavis sought leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. The District Court (Elfvin, J.) denied Chavis's motion, holding that Chavis had three "strikes" under § 1915(g) and had failed to allege an imminent danger of serious physical injury. The Court gave Chavis an opportunity to pay the filing fee, on pain of dismissal. Rather than pay the filing fee, Chavis filed a motion for leave to amend his complaint, making new allegations of threats and intimidation by Southport personnel; subsequently, he filed a motion seeking a preliminary injunction and temporary restraining order, claiming that the threats had been repeated on numerous occasions. The District Court (Siragusa, J.) construed Chavis's filings as a motion for reconsideration, denied the motion, and dismissed the complaint.

On appeal, Chavis argues that the District Court (1) miscounted his prior strikes, attributing two strikes to one case in which both Chavis's complaint and his subsequent appeal therefrom were dismissed as frivolous; (2) erred in finding that his original complaint did not allege imminent danger of serious physical injury; and (3) abused its discretion in denying leave to amend. We disagree with Chavis's first contention—resolving a previously

2

open question in this Circuit—and hold that an incarcerated plaintiff incurs two strikes when a complaint and a subsequent appeal are independently dismissed for grounds listed in § 1915(g). But we agree that the District Court abused its discretion in denying leave to amend, and therefore remand. Because Chavis's complaint as supplemented by the facts added in his motions might well satisfy the imminent danger standard, we need not decide whether his original complaint would similarly have sufficed. Accordingly, we VACATE and REMAND to the District Court to allow amendment.

## I. Background

### A. *Proceedings in the District Court*

On August 10, 2006, George Chavis filed a *pro se* complaint against more than three dozen staff members and officials of Southport Correctional Facility (collectively, "Defendants"), where he was then incarcerated.[1] Alleging that the defendants had committed a wide variety of wrongs, he sought relief under 42 U.S.C. § 1983 and the First, Sixth, Eighth, and Fourteenth Amendments. For present purposes, the only relevant allegations are those in which Chavis describes physical injury, threats of violence, and deprivation of medical treatment. He claimed that eight officers severely beat him on July 17, 2006 in retaliation for his filing grievances alleging prior misconduct by prison officials. This attack came shortly after Chavis received a threat of physical abuse.[2] He also asserted that a similar assault took place a year earlier, on August 12, 2005.

Chavis also alleged that, from November or December 2005 to May 2006, he was denied treatment for hepatitis B along with other needed medications, supplements, and medically issued clothing. Later in his complaint, he stated that "[o]n 100 numerous separate

---

[1] Chavis was subsequently transferred to Elmira Correctional Facility, although he has since returned to Southport.
[2] Chavis attributes these threats to a defendant named Gleason. But he did not name any Gleason as a defendant, and it is unclear who this individual is.

dates from this present date of civil suit activation dating back nearly eight to ten months" a medical staff member named Walsh had denied "emergency medical needs *and* prescription refills needs [sic]," which allegedly resulted in "extreme cruel and unusual punishment and further an atypical and significant hardship."

Along with his complaint, Chavis sought leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). In an order docketed on October 23, 2006, the District Court (Elfvin, J.) denied Chavis's motion. Under § 1915(g), a prisoner is barred from proceeding IFP if he or she has on three or more prior occasions "brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The District Court found that Plaintiff had three such "strikes": (1) *Chavis v. Charnes*, No. 99-CV-05072 (S.D.N.Y. July 14, 1999), a complaint dismissed by the district court because it lacked an arguable basis in law or fact; (2) the subsequent appeal in *Charnes*, which was dismissed by the Second Circuit as frivolous, *see* No. 99-0265 (2d Cir. Feb. 25, 2000); and (3) *Chavis v. Cunningham*, No. 04-2814-pr (2d Cir. Mar. 11, 2005), in which the Second Circuit dismissed as frivolous an appeal from a grant of summary judgment in defendants' favor.[3] The District Court also found that "none of the [complaint's] wholly conclusory allegations rise to the level of imminent danger of serious physical injury." Accordingly, the District Court held that the complaint must be dismissed unless plaintiff paid the filing fee by November 28, 2006.

On November 8, 2006, Chavis responded by filing a motion for leave to amend, emphasizing that he was in fact "in imminent danger of physical injury." Although he did not

---

[3] In a footnote, the District Court noted a fourth case "which should count as a strike," *Chavis v. Kienert*, No. 03-CV-0039, 2005 U.S. Dist. LEXIS 41920 (N.D.N.Y. Sept. 30, 2005). Chavis contends that *Kienert* was not in fact a strike. Because we find that *Charnes* and *Cunningham* together amounted to three strikes, we need not consider Chavis's arguments as to *Kienert*.

4

assert other violent incidents, he claimed, *inter alia*, that one of the officers involved in the July 17 beating had "visit[ed] Plaintiff['s] new SHU-solitary cell verbally threatening to assault Plaintiff again" and that another had "visit[ed] Plaintiff['s] SHU-solitary cell for intimidation reasons." Subsequently, on February 16, 2007, Chavis filed a motion seeking an order to show cause why a preliminary injunction should not issue. In his motion, Chavis claimed "repeated verbal threats of injury/death by defendants . . . without cease," citing to four newly filed grievances "and nearly a dozen more dated in this new year of 2007."

On May 10, 2007, the District Court (Siragusa, J.) denied both motions and ordered the complaint dismissed. Despite Chavis's explicit statement that he was not filing a motion for reconsideration, the District Court viewed the motion to amend as "in substance a motion to reconsider the October 24, 2006 Order," because most of the motion attempted to distinguish the case from a Second Circuit case upon which the District Court relied in concluding that the "imminent danger" exception did not apply. Considering the motion as such, the District Court found no reason to reexamine the October 24 order and therefore denied the motion to amend and dismissed the complaint for failure to pay the filing fee; the motion for a preliminary injunction was therefore deemed moot and hence appropriately dismissed.

*B. Arguments on Appeal*

Chavis timely appealed. The Second Circuit granted Chavis leave to proceed IFP and appointed counsel, directing counsel to address whether "(1) each case the district court cited as a strike was actually dismissed as frivolous, malicious, or for failure to state a claim; and (2) if a district court case that is a strike and an appeal therefrom that is also a strike should be counted as one or two strikes." Chavis concedes that the three cases on which the District Court principally relied were dismissed on grounds listed in § 1915(g), but argues that they only count as two strikes, because a district court dismissal of a complaint and a circuit court

dismissal of an appeal in the same action "are sequential proceedings in a single case and therefore are part of one 'action' for purposes of 28 U.S.C. § 1915(g)." As a result, Chavis argues, he had only two strikes at the time of filing and was not barred from proceeding IFP. Additionally, Chavis contends (a) that the District Court erred in concluding that his complaint did not allege an imminent danger of serious physical injury, and (b) that it abused its discretion in denying leave to file an amended complaint.

Because Defendants were never served, they are not parties to this appeal. In their stead, the State of New York ("the State") filed an amicus brief to address the issue of whether the dismissals of a district court case and an appeal therefrom count as one or two strikes. The State argues that § 1915(g) treats the dismissal of suits and of their appeals as separate strikes. The amicus brief does not address the other issues raised in Chavis's appeal: whether Chavis alleged an imminent danger and whether his motion to amend was properly denied.

## II. Discussion

### A. Standard of Review

We review *de novo* a district court's ruling pursuant to 28 U.S.C. § 1915(g), *Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007), and review the denial of leave to amend a complaint for abuse of discretion, *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

### B. Section 1915(g)'s "Three Strikes" Rule

As amended by the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915 allows indigent prisoners to defer paying filing fees under a structured payment plan. *See* 28 U.S.C. § 1915(b). Section 1915(g), however, denies this option to so-called "frequent filers," prisoners who have repeatedly brought legal claims dismissed as frivolous, malicious, or not stating a claim; such litigants must pay the filing fee upfront. The provision reads:

6

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* § 1915(g). At issue in this case is whether a plaintiff incurs one strike or two when he (1) files a complaint that is dismissed on one of the listed grounds and then (2) appeals that dismissal, only to have the appeal dismissed, also on one of the listed grounds. The question, thus, is: does § 1915(g), in referring to occasions on which a plaintiff "brought an action or appeal," use "action" to refer *only* to proceedings before the district court; or, as Chavis argues, does "action" mean the entire course of a lawsuit, leaving "appeal" to refer solely to cases in which a plaintiff appeals a non-strike district court disposition? Every circuit court to address the matter has held that sequential dismissals count as two strikes. *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999); *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997) (per curiam); *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997) (per curiam); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).[4] As the Seventh Circuit explained:

> Under this language, bringing an action and filing an appeal are separate acts. One could be frivolous, the other not. Having been told that his complaint is frivolous, a prisoner must decide whether to appeal. Prisoners who learn from their mistakes will suffer one strike, at most, in a case. Obstinate or malicious litigants who refuse to take no for an answer incur two strikes. That approach not only comports with the statutory language but also fortifies the deterrence of frivolous activities in litigation.

*Newlin v. Helman*, 123 F.3d 429, 433 (7th Cir. 1997) (citation omitted), *overruled on other grounds by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000), *and Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). Or, as the Fifth Circuit put it, "Congress suggests in the statute that *any*

---

[4] In *Thompson v. DEA*, 492 F.3d 428, 436-37 (D.C. Cir. 2007), the D.C. Circuit discussed a related question—whether an appellate court's *summary affirmance* of a district court's dismissal as frivolous counts as a strike—in a way that seems to presuppose that an appeal dismissed as frivolous would count as a second strike.

appeal dismissed as frivolous counts against the petitioner; it makes no exception for frivolous appeals of district court dismissals." *Adepegba*, 103 F.3d at 388.

This majority position is the most natural reading of § 1915(g). In isolation, the word "action" is ambiguous, as it is commonly used both broadly, to refer to an entire lawsuit, and narrowly, to refer to a subpart of a lawsuit. *Black's Law Dictionary*, for example, defines "action" as "[a] civil or criminal judicial proceeding," but then goes on to define "proceeding" as both "all acts and events between the time of commencement and the entry of judgment" and "[a]n act or step that is part of a larger action." Black's Law Dictionary 32, 1324 (Bryan A. Garner ed. 2009). Given that § 1915(g)'s phrase "action or appeal" disjunctively juxtaposes "action" and "appeal," it seems most natural to read them as connoting two separate parts of one larger lawsuit. *Cf. Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("[W]hen construing the plain text of a statutory enactment, we do not construe each phrase literally or in isolation. Rather, we attempt to ascertain how a reasonable reader would understand the statutory text, considered as a whole.").[5]

This remains so even though Congress used the phrase "any suit, action or proceeding, civil or criminal, or appeal *therein*" elsewhere in § 1915. *See* 28 U.S.C. § 1915(a) (emphasis added). While Chavis argues that the use of the word "therein" shows that an appeal is part of an action for the purposes of § 1915, the use of the word can just as readily support the opposite conclusion: that the drafters of § 1915 intended an appeal to be considered separately from the larger action, notwithstanding the fact that an appeal is in some sense "in" an action. Chavis's reading, by contrast, would require us to read a major limitation into § 1915(g) where it is now silent, and to convert "brought an action or appeal"

---

[5] In passing, Chavis cites *Pettus*, in which we described the three strikes rule as applying "[o]nce three of an indigent prisoner's *lawsuits* have been dismissed [on listed grounds]." *Pettus*, 554 F.3d at 297 (emphasis added). Because the *Pettus* panel had no reason to consider the definition of a strike, its gloss on the three strikes rule does not constitute a holding on the question. *See Webster v. Fall*, 266 U.S. 507, 511 (1925).

into something like "brought an action or an appeal of an action not otherwise covered by this provision." This we should not do. *See, e.g.*, *United States v. Whitley*, 529 F.3d 150, 153-54 (2d Cir. 2008).

Chavis argues that the reading adopted by all the aforementioned circuit courts would lead to an unintended and untoward result. He asserts that if an action is treated separately from an appeal, a district court dismissal that counts as a third strike would effectively be unreviewable; the losing plaintiff would be incapable of proceeding IFP on appeal and hence, practically speaking, would not be able to avail herself of her right to appellate review. Interpreting "action" as comprising a single course of events ending only at the close of the appellate proceedings would, by contrast, avoid this problem.

Were Chavis right that the seemingly natural reading of § 1915(g) would have this effect, we might seriously consider a less obvious construction. *See id.* at 156 ("[W]here the literal meaning of a statute yields an illogical result or one manifestly not intended by the legislature, departure from strict adherence to statutory text may be warranted."). But Chavis's concern is unfounded. There are few principles of judicial review more well-established than the rule that appellate courts consider legal questions (such as whether a prisoner is barred from seeking IFP status, *see Polanco*, 510 F.3d at 155) *de novo*. Accordingly, on a direct appeal, we cannot assume that a district court's legal rulings are correct. Hence, when a district court has dismissed a suit in what could be a prisoner's third strike, the presumption would seem to be for the reviewing court to give that dismissal no weight as of yet. And so most of the circuit courts considering this question have held. *See Thompson v. DEA*, 492 F.3d 428, 432 (D.C. Cir. 2007) ("A contrary rule would, within those narrow set of cases in which the third strike is appealed, effectively eliminate our appellate function. Had Congress intended such an unusual result, we expect it would have clearly said so."); *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 953 (8th Cir. 2006) (per curiam);

9

*Jennings*, 175 F.3d at 780; *Adepegba*, 103 F.3d at 387-88. The Seventh Circuit alone has ruled to the contrary, and held that a district court dismissal can count as a strike before an appeal therefrom has concluded. It has, however, faced and avoided the problem raised by Chavis by holding that appellate courts have independent authority to grant leave to proceed IFP under Federal Rule of Appellate Procedure 24(a)(5). *See Robinson v. Powell*, 297 F.3d 540, 541 (7th Cir. 2002). We need not today decide between these approaches, or even whether one approach excludes the other. It is enough to recognize that, given the availability of either, Chavis's "absurdity" argument fails.

For these reasons, we hold that sequential dismissals on strike grounds can provide separate strikes under § 1915(g).[6] Turning to the instant case, we conclude that the District Court rightly concluded that Chavis had three strikes. The *Charnes* case, in which both Chavis's district court complaint and his subsequent appeal were dismissed on grounds listed in § 1915(g), provided two strikes, while the *Cunningham* case provided a third. Hence, Chavis could not proceed IFP unless his complaint alleged "imminent danger of serious physical injury," a question which we now address.

### C. Imminent Danger of Serious Physical Injury

Under § 1915(g), a prisoner can proceed IFP even after incurring three strikes if his complaint alleges an "imminent danger of serious physical injury." An imminent danger is not one "that has dissipated by the time a complaint is filed," *Pettus*, 554 F.3d at 296; rather it must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). But, although the feared physical injury must be "serious," "we should not make an overly detailed inquiry into whether the allegations qualify for the exception,"

---

[6] We note that, in so holding, we expressly do not hold that when an appellate court holds an appeal frivolous and states that the initial complaint also was, this constitutes two strikes in the absence of an earlier district court ruling to that effect.

because § 1915(g) "concerns only a threshold procedural question," while "[s]eparate PLRA provisions are directed at screening out meritless suits early on." *Andrews*, *v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007); *see also Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) ("[Section] 1915(g) is not a vehicle for determining the merits of a claim. . . . [T]o fine-tune what is 'serious enough' to qualify for the exception . . . would result in a complicated set of rules about what conditions are serious enough, all for a simple statutory provision governing when a prisoner must pay the filing fee for his claim. This is not required . . . .").

Chavis was proceeding *pro se* in the District Court; we therefore construe his complaint liberally and interpret it "to raise the strongest arguments that [it] suggest[s]." *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotation marks omitted). Even in a *pro se* case, however, "although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (internal quotation marks and brackets omitted). A court may find that a complaint does not satisfy the "imminent danger" exception if the complainant's "claims of imminent danger are conclusory or ridiculous." *Ciarpaglini*, 352 F.3d at 331. Hence, though we are obligated to draw the most favorable inferences that Chavis's complaint supports, we cannot invent factual allegations that he has not pled.

Under these guiding principles, Chavis's original complaint presents a close question. Fortunately, we need not address that question, because Chavis's complaint as he sought to amend it would seemingly have alleged imminent danger. *See Khulumani v. Barclay Nat'l Bank Ltd.*, 504 F.3d 254, 260-61 (2d Cir. 2007) (per curiam) (declining to consider whether an initial complaint was sufficient where the district court had erroneously denied leave to

amend). A *pro se* complaint "should not [be] dismiss[ed] without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); *cf. Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam) ("[A] *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.").

We have no trouble concluding that the District Court abused its discretion in denying Chavis leave to amend his complaint. Chavis's attempt to expand upon his complaint stated that one of the officers who had allegedly beaten him on July 17 had "verbally threaten[ed] to assault [him] again," and that another of those officers had visited his cell "for intimidation reasons." This by itself would appear to be sufficient to allege imminent danger of serious physical injury. An allegation of a recent brutal beating, combined with three separate threatening incidents, some of which involved officers who purportedly participated in that beating, is clearly the sort of ongoing pattern of acts that satisfies the imminent danger exception. *See, e.g.*, *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (finding imminent danger where defendants had at least twice knowingly placed plaintiff near inmates on his "enemy list," leading to violent assaults). And the additional assertions that Chavis included in his motion for a preliminary injunction—that some sixteen Defendants had threatened him with injury or death on about a dozen occasions in the previous several weeks—render his claim to the imminent danger exception even stronger. Although these additional facts came in an order to show cause, rather than in Chavis's motion for leave to amend, "a party appearing without counsel is afforded extra leeway in meeting the procedural rules governing

12

litigation," and hence "courts are, for example, to construe a *pro se* litigant's pleadings and motions liberally." *In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008) (internal quotation marks omitted).

Accordingly, it appears that Chavis's complaint—had he been allowed amendment—might very well have satisfied the imminent danger exception, and we vacate and remand the decision of the District Court to allow that amendment.

Two further aspects of the District Court's rejection of Chavis's motion merit discussion, however. First, the District Court treated the motion for leave to amend as a motion for reconsideration, because "[m]ost of the discussion . . . in the motion" tends in that direction. But in construing a motion for leave to amend, the proper consideration is not the overall thrust of the movant's papers; rather, it is whether the motion also describes facts, however few, that could render the claim plausible following an amendment. Second, the District Court appeared to rely on its conclusion that Chavis's litigious history belies his claim to have "only a 'layman's knowledge of the law.'" But even if a *pro se* plaintiff's experience with the law could deprive him of the normal deference given to *pro se* litigants, a counseled party's motion to amend is generally denied only for "futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party," *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008), none of which the District Court found in this case. An experienced *pro se* should surely be afforded at least the same right.

### D. What Claims May Proceed Upon a Finding of Alleged Imminent Danger

We address one final matter in the interest of judicial economy, since it appears likely to arise upon remand. *See Cameron v. City of N.Y.*, 598 F.3d 50, 55 (2d Cir. 2010). This Court has not previously decided whether a prisoner with three strikes who adequately alleges imminent danger can, in the same suit, proceed IFP on other claims that lack a nexus

13

to imminent danger. *See Pettus*, 554 F.3d at 300 (reserving this question). Because Chavis's complaint includes both Eighth Amendment claims related to his allegations of imminent danger and claims under the First, Sixth, and Fourteenth Amendments that do not relate to these allegations of imminent danger, this question will need to be resolved if, as seems probable, the District Court finds Chavis entitled to proceed IFP after amendment.

The matter can be resolved quite easily based on the plain language of § 1915. Its provisions refer to a prisoner bringing "a civil action," rather than individual claims. *See* 28 U.S.C. §§ 1915(a)(2), 1915(g). Nothing in the text of § 1915 provides any justification for dividing an action into individual claims and requiring a filing fee for those that do not relate to imminent danger. All four circuit courts to consider the question have, accordingly, found that a plaintiff filing IFP on the basis of the imminent danger exception can proceed with all claims in her complaint,[7] and we agree.[8]

### III. Conclusion

The order of the District Court is hereby VACATED and REMANDED to allow amendment of Chavis's complaint.

---

[7] *See Andrews*, 493 F.3d at 1054; *Ibrahim v. District of Columbia*, 463 F.3d 3, 5-7 (D.C. Cir. 2006); *Ciarpaglini*, 352 F.3d at 330; *Gibbs v. Roman*, 116 F.3d 83, 87 n.7 (3d Cir. 1997), *overruled on other grounds by Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001) (en banc).

[8] Nothing we hold today with respect to the three-strikes provision of § 1915 disturbs the district courts' obligations under the PLRA to screen out and dismiss complaints, or portions thereof, which fail to state a claim or are frivolous or malicious. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). This obligation exists even when a prisoner is permitted to proceed IFP because his complaint alleges imminent danger of serious harm under § 1915(g).