16-2708
*Romano v. Lisson, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand seventeen.

Present:
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> DENNY CHIN,
> *Circuit Judges*,

_____

ANTHONY ROMANO,

> *Plaintiff-Appellant*,

v.                                                            16-2708

LISA LISSON, K. CROWLEY, T. CAMPBELL, SCARVANI, EVERTT, STIRK, SCARELLI, CAPTAIN, BLASK, SERGEANT, HAYES, SERGEANT, THE JOHNSON LAW GROUP LLP, NAPOLI BERN RIPKASH KOLNIK LLP,

> *Defendants*.

_____

For Plaintiff-Appellant:          BENJAMIN A. FLEMING (Ira M. Feinberg, Alan M. Mendelsohn, *on the brief*), Hogan Lovells, New York, NY

1

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on June 16, 2016 is **VACATED to the extent set forth below**, and the case is **REMANDED** for further proceedings consistent with this order.

Anthony Romano ("Romano") is a prisoner who was incarcerated at the Wende Correctional Facility, a maximum-security prison located in Alden, New York. On February 1, 2016, Romano filed a handwritten § 1983 action against nine Wende officials and two law firms alleging violations of his constitutional rights.

The complaint alleges that the prison officials deprived Romano of his access to the phone and his legal mail and that the law firms improperly settled a civil suit on his behalf and dropped him from another. More specifically regarding the allegations against the prison officials, the complaint alleges that Evertt, a correctional officer, "tampered with all legal mail." Pl.-Appellant App. at 12. Additionally, eight Wende officials are alleged to have deprived him of his phone privileges (or conspired to do so) from late November 2013 through 2014, cutting off Romano's contact with his attorneys (although it is not clear from the complaint which attorneys he is referring to). The complaint specifies that Romano is raising Free Speech, Due Process, Access to the Courts, and Right to Counsel claims, and that the officials' and law firms' conduct violated his First, Eighth, and Fourteenth Amendment rights. Romano sought permission to proceed *in forma pauperis* before the district court and moved for service of process on the defendants.

On June 16, 2016, the District Court for the Western District of New York (Arcara, *J.*) granted Romano's motion to proceed *in forma pauperis* and *sua sponte* dismissed the case with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) on the grounds that Romano failed to state a claim upon which relief can be granted. The court dismissed the § 1983 claims against the two law firms because neither were state actors and the claims against the prison officials on the grounds that granting leave to amend would be futile.

Romano filed a timely notice of appeal and moved to proceed *in forma pauperis* and for appointment of counsel. On December 8, 2016, we granted both motions and affirmed the judgment of the district court with respect to Romano's claims against his private attorneys. As to the remaining claims addressed herein, we assume the parties' familiarity with the underlying facts, procedural history, and issues before this Court, and discuss only those facts relevant to our decision.

***

We review *de novo* both "a district court's *sua sponte* dismissal of an *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)," *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 n.8 (2d Cir. 2015), and a district court's denial of leave to amend on futility grounds, *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). We conclude that the district court erred in denying Romano leave to amend as to his remaining claims. We therefore vacate the judgment below as to these claims and remand to the district court for further proceedings consistent with this opinion.

A complaint must state a plausible claim for relief to survive dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In addressing the sufficiency of a complaint we accept as true all factual allegations and draw from them all reasonable inferences; but we are not required to

3

credit conclusory allegations or legal conclusions couched as factual allegations." *Nielsen*, 746 F.3d at 62 (quoting *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013)). Even if a complaint fails to state a claim, "leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Nielsen*, 746 F.3d at 62 (quoting *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (internal quotation marks and citation omitted)).

We have held that "a prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). A prison may not "regularly and unjustifiably" interfere with a prisoner's mail. *Ahlers v. Rabinowitz*, 684 F.3d 53, 64 (2d Cir. 2012) (quoting *Davis*, 320 F.3d at 351). The complaint makes only one reference to mail tampering: that Evertt "tampered with all legal mail." Pl.-Appellant App. at 12. Romano argues on appeal that the word "all" suggests the prison systematically interfered with his legal mail. But without more specifics, an allegation that prison officials interfered with "all legal mail" is too conclusory to be plausible. The district court erred, however, in dismissing this claim with prejudice. As we have said, "[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen*, 746 F.3d at 62 (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal brackets and quotation marks omitted)).

The district court erred in dismissing Romano's phone-related allegations with prejudice for the same reason. Although this Court has not addressed whether prisoners enjoy a First Amendment right to make and receive phone calls, other Circuits have held they do in at least some circumstances. *See Johnson v. State of Cal.*, 207 F.3d 650, 656 (9th Cir. 2000); *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991); *see also Birth v. Pepe*, No. 98 CV 1291 (RR),

4

1999 WL 684162, at \*2 (E.D.N.Y. July 21, 1999) (Raggi, J.). Romano lists eight officials who either deprived him of his phone privileges or conspired to do so from November 2013 through 2014. While Romano's allegations are sparse and we take no position here on the viability of a claim grounded in these allegations, we conclude that Romano should have been offered the opportunity to amend so as reasonably to set forth this claim.

Accordingly, we **VACATE** the judgment below to the extent that it dismissed with prejudice Romano's claims against the prison officials. We **REMAND** to the district court so that Romano may be provided the opportunity to amend the complaint as to the aforementioned claims and any related claims against the officials that the district court identifies as suitable for amendment. In light of Romano's asserted history of mental illness and the complexity of the telephone access issue, which is a matter of first impression in this Circuit, we recommend that the district court consider appointing counsel for Romano to help him prosecute this action. *See, e.g.*, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 476 (2d Cir. 2006); *see also Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5