Hardaway v. Hartford Public Works Department

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 12th day of January, two thousand eighteen.

Present:     RALPH K. WINTER,
            GUIDO CALABRESI,
            ROSEMARY S. POOLER,
                        *Circuit Judges*.

_____

CURTIS HARDAWAY,

                        *Plaintiff-Appellant*,

                v.                                          16-3074

HARTFORD PUBLIC WORKS DEPARTMENT,

                        *Defendant-Appellee*.

_____

Appearing for Appellant:     Curtis Hardaway, pro se, Windsor, CT

Appearing for Appellee:      JONATHAN H. BEAMON, Senior Assistant Corporation
                             Counsel, Hartford, CT

Appeal from the United States District Court for the District of Connecticut (Hall, *C.J.*, Merriam, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** in part.[1]

Plaintiff-Appellant Curtis Hardaway appeals from the August 31, 2016 judgment of the United States District Court for the District of Connecticut (Hall, *C.J.*, Merriam, *M.J.*), dismissing his third amended complaint alleging various claims against the City of Hartford, the Hartford Department of Public Works (the "Department"), and five Doe defendants. Hardaway, an African American and former employee of the Department, alleged that he was subjected to discrimination and retaliation after he filed complaints against the Department with the Occupational Safety and Health Administration ("OSHA"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo a district court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2). *Giano v. Goord*, 250 F.3d 146, 149-150 (2d Cir. 2001), *abrogated on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We afford a pro se litigant "special solicitude" by interpreting a complaint filed pro se "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal punctuation omitted). "A pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).

We affirm the dismissal of Hardaway's Section 1981 and state law intentional infliction of emotional distress for substantially the same reasons stated by the district court in the July 5, 2016 and August 1, 2016 recommended rulings. "When a defendant sued for discrimination under §§ 1981 or 1983 is a municipality, the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom." *Littlejohn v. City of New York*, 795 F.3d 297, 314 (2d Cir. 2015) (quoting *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 226 (2d Cir. 2004)) (internal quotation marks omitted). In its review of Hardaway's second amended complaint, the district court informed Hardaway that he had not pled sufficient facts for municipal liability to attach under Section 1981. In his third amended complaint, Hardaway failed to plead additional information regarding a municipal policy or custom. Under such circumstances, we see no error in the district court's dismissal of Hardaway's Section 1981 claim with prejudice.

The district court also correctly determined that Hardaway's intentional infliction of emotional distress claim was barred by Connecticut law as against the municipality, and that there was no viable claim against another defendant. *See Huaman v. Sirois*, No. 13CV484 (DJS),

---

[1] In a separate opinion filed concurrently with this summary order, we reverse the district court's holdings as to Hardaway's Title VII and negligent infliction of emotional distress claims, Counts I, II and V of the third amended complaint.

2015 WL 5797005, at \*19 (D. Conn. Sept. 30, 2015) ("Conn. Gen. Stat. § 52-557n bars claims against municipalities based on willful misconduct, and therefore plaintiffs cannot use § 52-557n to hold municipalities liable for the intentional misconduct of municipal employees.").

Hardaway argues that the district court erred by neglecting to analyze his claims under the First Amendment. We disagree. "[T]he submissions of a pro se litigant must be construed liberally." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)) (internal quotation marks omitted). But "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). After Hardaway filed his initial complaint on January 26, 2016, he filed a total of three amended complaints responding to various points raised by the district court. In his initial complaint, Hardaway alleged one count of "15 U.S. Code § 2087 OSHA/Whistleblower Retaliation." In its review of that initial complaint, the district court noted that "the facts alleged could be read to state a First Amendment retaliation claim pursuant to 42 U.S.C. §1983," but found that Hardaway had failed to name an entity amenable to suit. Recommended Ruling at 4, *Hardaway v. Hartford Public Works Dep't*, No. 16-cv-00115 (D. Conn. Feb. 26, 2016) (ECF No. 13), *adopted by order* Mar. 18, 2016 (ECF No. 17). Hardaway never included a First Amendment charge in his subsequent complaints, nor did he name an entity amendable to suit until his second amended complaint. Given Hardaway's failure to raise a First Amendment retaliation claim in his many revised complaints, despite suggestion from the district court that such a claim might be viable, we conclude that the district court did not err by declining to construe Hardaway's third amended complaint to raise such a claim. Further, even if the district court had analyzed Hardaway's claims under the First Amendment, Hardaway alleged no facts indicating that he "spoke as citizens on a matter of public concern" in his complaints to OSHA, as required for a public employee to maintain a First Amendment retaliation claim. *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008).

We have considered the remainder of Hardaway's arguments, and find them to be without merit. Accordingly, with respect to Hardaway's Section 1981 claim, Count II of the third amended complaint, and his intentional infliction of emotional distress claim, Count IV, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk