Dimps v. Taconic Correctional Facility

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand twenty.

**PRESENT:**
> **PIERRE N. LEVAL,**
> **REENA RAGGI,**
> **DEBRA ANN LIVINGSTON,**
> > *Circuit Judges.*

────────────────────────────────

**Shirley Dimps,**

> *Plaintiff-Appellant*,

> **v.** 19-975

**Taconic Correctional Facility, New York State Department of Corrections and Community Supervision, New York State Department of Civil Service, and Civil Service Employees Association, Inc.,**

> *Defendants-Appellees.***

────────────────────────────────

──────────────

\* The Clerk of Court is respectfully directed to amend the caption as set forth above.

1

**FOR PLAINTIFF-APPELLANT:**     Shirley Dimps, *pro se*, Bronx, NY.

**FOR DEFENDANTS-APPELLEES:**     Darren J. Rylewicz, Leslie C. Perrin, Civil Service Employees Association, Inc., Albany, NY (*for* Civil Service Employees Association, Inc.).

Amit R. Vora, New York State Office of the Attorney General, New York, NY (*for* Taconic Correctional Facility, New York State Department of Corrections and Community Supervision, and New York State Department of Civil Service).

Appeal from a judgment of dismissal entered on March 27, 2019, in the United States District Court for the Southern District of New York (Nelson S. Román, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED**.

Plaintiff Shirley Dimps, proceeding *pro se*, appeals the district court's dismissal of her action against the Taconic Correctional Facility ("Taconic"), the New York State Department of Correction and Community Supervision ("DOCCS"), the New York State Department of Civil Service ("DCS") (together, the "State Defendants"), and the Civil Service Employees Association, Inc. ("CSEA"). Against the State Defendants, Dimps asserted claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1981, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Against CSEA,

2

her labor union, Dimps asserted a breach of the duty of fair representation claim under New York's Taylor Law. *See* N.Y. Civ. Serv. Law § 209-a. Dimps also asserted breach of contract claims against all defendants. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.     The State Defendants

Upon *de novo* review, *see Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015), we conclude that the district court correctly dismissed all claims against Taconic, the facility where Dimps worked, because DOCCS, not Taconic, was Dimps's employer, *see* N.Y. Correct. Law § 7(2). The court also correctly dismissed Dimps's ADA, ADEA, § 1981, and state-law claims against DOCCS and DCS as barred by the Eleventh Amendment. The ADA, ADEA, and § 1981 do not abrogate states' sovereign immunity, which New York has not waived as to any of these claims. *See Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001) (ADA); *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000) (ADEA); *Edelman v. Jordan*, 415 U.S. 651, 678 (1974) (§ 1983 and, by extension, § 1981); *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004) (NYCHRL); *Richardson v. N.Y. State Dep't of Corr. Serv.*, 180 F.3d 426, 449 (2d Cir. 1999) (NYSHRL), *abrogated on other grounds*, *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). We further agree with the district court that Dimps's sparse and conclusory amended complaint does not state plausible Title VII claims for failure to promote, hostile work environment, and retaliation against DOCCS and DCS. *See Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 80, 82 (2d Cir. 2009) (stating elements of failure to promote and hostile work environment claims); *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 172–73 (2d Cir. 2005) (stating elements of retaliation claim).

3

Nevertheless, we conclude that the district court should not have dismissed Dimps's Title VII claims against DOCCS without affording her an opportunity to file a second amended complaint. *See generally Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("A *pro se* complaint should not [be] dismiss[ed] without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (internal quotation marks omitted)). When Dimps's amended complaint is read together with specific facts asserted in opposition to defendants' motions to dismiss, there is at least an indication that she may be able to state a plausible Title VII claim of race discrimination in promotion against DOCCS. *See Nielsen v. Rabin*, 746 F.3d 58, 64 (2d Cir. 2014) (considering allegations raised in opposition papers in vacating denial of leave to amend); *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in [her] papers opposing the motion."). Specifically, her opposition filing details five occasions when she was passed over for specific promotions awarded to equally or less well-qualified candidates of other races and makes some showing that promotions at Taconic are generally awarded not to African American or Hispanic employees but, rather, to Caucasian or Indian candidates. *See Aulicino*, 580 F.3d at 80. Viewing these allegations liberally, and in light of her *pro se* status, Dimps should have been afforded a further opportunity to plead her Title VII claim of race discrimination.[2]

Dimps, however, should attach to any such amended complaint her August 2016 EEOC

---

[2] Even viewed liberally, Dimps's opposition filing does not indicate that she can state valid ADA, ADEA, or § 1981 claims against individual DOCCS supervisors and, thus, there is no reason to grant leave to amend those claims. To be sure, Dimps advised the district court that she did not wish to file *any* second amended complaint. As became apparent at oral argument before this Court, this *pro se* litigant did not understand that the rules permit more than one amendment.

4

charge as well as any other claims subsequently raised before the EEOC, in order to demonstrate the timeliness of her Title VII claim and the requisite exhaustion of administrative remedies.

**II.     CSEA**

The district court dismissed Dimps's claims against CSEA for lack of subject matter jurisdiction and, in the alternative, for failure to state a claim.   Further, it concluded that any amendment would be futile.   On *de novo* review, we agree.   Neither Dimps's amended complaint nor her other filings in the district court indicate an ability to assert valid claims against CSEA. *See Chavis*, 618 F.3d at 170.

*     *     *

We have considered Dimps's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment to the extent it dismisses all claims against Taconic, DCS, and CSEA.   We **AFFIRM** in part the judgment dismissing claims against DOCCS but **VACATE** the judgment to the extent it denied leave to amend the Title VII claims against DOCCS.   As to these latter claims, we **REMAND** to the district court to allow Dimps an opportunity to amend her complaint to allege Title VII claims against DOCCS to the extent she can demonstrate that those claims were timely exhausted before the EEOC.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court