19-1014-pr
*Baxter v. Wagner*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand twenty.

PRESENT:   BARRINGTON D. PARKER,
           DENNY CHIN,
           WILLIAM J. NARDINI,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JASON I. BAXTER,

                    *Plaintiff-Appellant,*


            -v-                                              19-1014-pr


BART E. WAGNER,

                    *Defendant-Appellee.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        TATIANA LAING and LEVI KLINGER-CHRISTIANSEN, Law Students, supervised by Jonathan Romberg, Esq., *for* the Center for Social Justice, Seton Hall University School of Law, Newark, New Jersey.

FOR DEFENDANT-APPELLEE:          No appearance.

Appeal from the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this order.

Plaintiff-appellant Jason I. Baxter, an inmate at Southport Correctional Facility ("Southport"), appeals from a judgment entered by the district court on March 22, 2019, *sua sponte* dismissing his *pro se* complaint (the "Complaint") with prejudice.  By order dated the same day, the district court found that the Complaint -- filed under 42 U.S.C. § 1983 against defendant-appellee Bart E. Wagner, a corrections captain at Southport -- failed to state a claim on which relief could be granted and dismissed it pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(a).  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Broadly, the Complaint alleges that Wagner violated Baxter's constitutional rights by denying him the ability to make telephone calls at Southport. Specifically, Baxter raises First and Fourteenth Amendment claims, alleging that Wagner retaliated against him for filing grievances by denying him access to the prison phone and thereby treated him differently from other similarly situated inmates.  Read

liberally because it was filed *pro se*, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Complaint also alleges that Baxter's First Amendment right to access the courts and Fourteenth Amendment right to due process were violated. After granting Baxter's motion to proceed *in forma pauperis*, the district court *sua sponte* dismissed the case with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(a) on the grounds that Baxter failed to state a claim on which relief could be granted. On appeal, Baxter, now represented by counsel, asks that we reverse the district court's *sua sponte* dismissal or, alternatively, vacate the judgment with instructions to the district court to grant him an opportunity to amend the Complaint.

"We review *de novo* a district court's *sua sponte* dismissal of an *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 n.8 (2d Cir. 2015). Although the district court must dismiss a case if the action "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), *sua sponte* dismissal of a § 1983 claim is inappropriate if the complaint alleges that "(1) the defendant was a state actor . . . when he committed the violation and (2) the defendant deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." *Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) (internal quotation marks omitted). On review, we "accept as true all facts described in the complaint," *id.* at 963, and interpret a *pro se* litigant's submissions "to raise the strongest arguments that they suggest," *Triestman v. Fed.*

3

*Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted). Finally, we review a district court's denial of leave to amend a complaint for abuse of discretion. *See Chavis v. Chappius*, 618 F.3d 162, 167 (2d Cir. 2010). "A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Id.* at 170 (internal quotation marks and alterations omitted).

Here, the district court *sua sponte* dismissed the Complaint with prejudice after considering Baxter's due process and retaliation claims. It did not, however, address Baxter's First Amendment claims that he was denied access to the courts and deprived of his right to make a phone call,[1] or his Equal Protection claim that he was treated differently from other similarly situated inmates. While we do not consider the viability of these claims, it is difficult to imagine that the "draconian device" of *sua sponte* dismissal, *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (internal quotation marks omitted), was appropriate here, particularly considering that the court did not address all of Baxter's claims. In any event, we conclude that the district court abused

---

[1]  This Court has not addressed whether a prisoner has a First Amendment right to make phone calls, but at least one Circuit has held they do in at least some circumstances. *See Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000).

Additionally, it is unclear from Baxter's complaint whether he alleges that he was denied access to the telephone entirely or whether he was denied *additional* telephone access after receiving the fifteen-minute access period to which he was entitled under Southport's regulations.

4

its discretion when it denied Baxter an opportunity to file an amended complaint by dismissing his Complaint with prejudice. Accordingly, we conclude that Baxter must be offered the opportunity to amend the Complaint to further develop his claims.[2]

* * *

For the foregoing reasons, we **VACATE** the judgment below and **REMAND** to the district court so that Baxter may be provided the opportunity to amend the Complaint.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2]    On remand, the district court may wish to appoint pro bono counsel to assist Baxter in filing an amended complaint.