25-117-cv
*Simonetti v. Simonetti, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand twenty-six.

PRESENT:
> MICHAEL H. PARK,
> SARAH A. L. MERRIAM,
>> *Circuit Judges*,
> KIYO A. MATSUMOTO,
> > *District Judge.*[*]

---

Maria Fabia Simonetti,

> *Plaintiff-Appellant*,

v.                                                              25-117

Gerard Anthony Simonetti,
Joseph Simonetti,

> *Defendants-Appellees*.

---

[*] Judge Kiyo A. Matsumoto, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:     MARIA FABIA SIMONETTI,
                             pro se, Brooklyn, NY.


FOR DEFENDANTS-APPELLEES:     JOHN O. C. MOSS, Moss &
                             Moss LLP, New York, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (Garnett, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Maria Simonetti, proceeding pro se, appeals from the district court's December 18, 2024 judgment sua sponte dismissing her complaint for lack of subject-matter jurisdiction.  Simonetti sued her ex-husband and her former brother-in-law ("Defendants"), alleging that her ex-husband had violated a Brazilian court order regarding custody of their daughter and asserting fraud related to her efforts to find her daughter, her divorce, and her father-in-law's will.  Defendants moved to dismiss the complaint on various grounds.  The district court sua sponte dismissed the complaint without prejudice for lack of subject-matter jurisdiction, concluding that the complaint did not raise a federal question or satisfy diversity jurisdiction.  *Simonetti v. Simonetti*, 24-CV-01859 (MMG), 2024 WL 5155759 (S.D.N.Y. Dec. 18, 2024).  The district court

subsequently denied Simonetti's motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a sua sponte dismissal for lack of subject-matter jurisdiction. *Digitel, Inc. v. MCI Worldcom, Inc.*, 239 F.3d 187, 190 (2d Cir. 2001). Because Simonetti "has been *pro se* throughout, [her] pleadings and other filings are interpreted to raise the strongest claims they suggest." *Shakirov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

The district court correctly dismissed Simonetti's complaint for lack of subject-matter jurisdiction. First, Simonetti's complaint did not invoke any federal statute, and her allegations—which concern her ex-husband's neglect of their daughter, the couple's custody dispute, and Defendants' fraud—did not present a federal question. *See* 28 U.S.C. § 1331. Because she was proceeding pro se, the district court considered whether she could be liberally construed as invoking the Hague Convention, Oct. 25, 1980, T.I.A.S. No. 11670, S. Treaty Doc. No. 99-11. However, the district court correctly concluded that the Hague Convention failed to offer a basis for federal-question jurisdiction here. "A petitioner cannot invoke the protection of the Hague Convention unless the child to whom the petition relates is 'habitually resident' in a State signatory to the Convention

3

and has been removed to or retained in a different State." *Gitter v. Gitter*, 396 F.3d 124, 130 (2d Cir. 2005). Simonetti had alleged that her daughter always resided in Brazil, not that she had been wrongfully taken from her country of habitual residence. *See Golan v. Saada*, 596 U.S. 666, 670 (2022).

In her reconsideration motion, Simonetti invoked the Alien Tort Statute ("ATS"), and on appeal, she newly invokes 42 U.S.C. § 1983. But Simonetti does not raise "colorable" claims under either statute, so they cannot form the basis for federal-question jurisdiction here. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006). Simonetti's claims—which involve divorce, inheritance, child custody, and alleged fraud by her ex-husband and former brother-in-law—do not implicate any constitutional provision, federal law, treaty, or aspect of international law. *See Mastafa v. Chevron Corp.*, 770 F.3d 170, 180 (2d Cir. 2014) ("The ATS only confers jurisdiction over torts based upon violations of United States treaties or of the law of nations."); *Chan v. City of New York*, 1 F.3d 96, 103 (2d Cir. 1993) ("Section 1983 . . . may be available as a vehicle for remedying violations of federal statutes as well as constitutional violations."). Simonetti has thus failed to invoke federal-question jurisdiction.

Second, diversity jurisdiction is also absent. 28 U.S.C. § 1332 requires "complete diversity," meaning that "all plaintiffs must be citizens of states diverse from those of all

4

defendants." *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 118 (2d Cir. 2014). Simonetti bears the burden of making a preponderance showing of complete diversity. *See Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 725 (2d Cir. 2017). She has failed to do so because her complaint does not allege diversity of citizenship and provides only New York addresses for herself and both defendants.

On appeal, Simonetti now asserts that her ex-husband is a U.S. citizen living in Brazil. But "United States citizens domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state," so "§ 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (internal quotation marks omitted).

Finally, the district court properly dismissed the complaint without leave to amend. "A pro se complaint should not be dismissed without the [c]ourt granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (cleaned up). However, "a futile request to replead should be denied." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, leave to amend would have been futile.

5

As discussed above, nothing in Simonetti's complaint, reconsideration motion, or appellate brief suggests that she could establish subject-matter jurisdiction.

We have considered all of Simonetti's arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We deny Simonetti's pending motion for reconsideration as moot.