**Glenn DE LA MOTTE, Plaintiff–Appellant,**

v.

**Frederick MENIFEE, Warden, F.C.I. Otisville, J. Crerand, Associate Warden, Louis Sarain, Health Services Administrator, J. Martinez, Health Services Administrator, J. Van Der Hey Wright, Assistant Health Services Administrator, Defendants–Appellees.**

No. 01–0313.

United States Court of Appeals, Second Circuit.

July 23, 2002.

Glen De La Motte, Pro Se, for appellant.

Michael M. Krauss, Jeffrey S. Oestericher, Assistant United States Attorneys (James B. Comey, United States Attorney, on the brief), Office of the United States Attorney for the Southern District of New York, New York, NY, for appellees.

Present CABRANES, STRAUB, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and is AFFIRMED with modification.

Plaintiff Glenn De La Motte, incarcerated and pro se, appeals from an November 9, 2001, order of the District Court dismissing, pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), De La Motte's *Bivens* claims against prison officials on the ground that De La Motte failed to exhaust his administrative remedies. The District Court adopted the Report and Recommendation of Magistrate Judge George A. Yanthis dated October 3, 2001, to the extent it recommended dismissal of plaintiff's claims, but overruled that report to the extent it recommended dismissal *without prejudice*. The District Court held that because "[r]ecourse to the administrative remedies [is] now time barred," dismissal *with prejudice* was appropriate. *See De La Motte v. Menifee*, No. 00 Civ. 0555, slip op., at 2 (S.D.N.Y. Nov. 9, 2001).

We agree that dismissal for failure to exhaust administrative remedies was ap-

propriate, for substantially the reasons stated by Magistrate Judge Yanthis in his October 3, 2001, Report and Recommendation. We hold, however, that the District Court erred in dismissing the claims with prejudice.

In *Morales v. Mackalm,* 278 F.3d 126 (2d Cir.2002), we explicitly held that a dismissal pursuant to the PLRA for failure to exhaust administrative remedies should be *without prejudice.* 278 F.3d at 128. Dismissal *without prejudice* is the appropriate course because "[f]ailure to exhaust administrative remedies precludes only the current lawsuit." *Id.; see* 42 U.S.C. § 1997e(a). Even where, as here, the plaintiff's time to file for administrative review has passed, dismissal *without prejudice* is required, as the Bureau of Prisons may find cause to extend the applicable time limit. *See* 28 C.F.R. § 542.14(b) (providing that "[w]here the inmate demonstrates a valid reason for delay, an extension in filing time may be allowed").

Accordingly, we modify the judgment of the District Court to reflect a dismissal of plaintiff's claims without prejudice, and, as so modified, affirm the judgment of the District Court.