24-2194-cv
*Miolan v. Milmar Food Group, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand twenty-five.

PRESENT:
> **GUIDO CALABRESI,**
> **GERARD E. LYNCH,**
> **SARAH A. L. MERRIAM,**
> *Circuit Judges.*

———————————————————————

**Alquidania I. Miolan,**

> *Plaintiff-Appellant,*

> v.                                                                    **24-2194**

**Milmar Food Group, LLC,**

> *Defendant-Appellee.*

———————————————————————

**FOR PLAINTIFF-APPELLANT:** ALQUIDANIA I. MIOLAN, *pro se*, New York, NY.

**FOR DEFENDANT-APPELLEE:** WILLIAM T. O'CONNELL (James M. Specyal, *on the brief*), Goldberg Segalla LLP, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on August 15, 2024, is **AFFIRMED AS MODIFIED**.

Plaintiff-Appellant Alquidania I. Miolan appeals from the district court's dismissal of her complaint for lack of subject matter jurisdiction. Miolan sued Defendant-Appellee Milmar Food Group, LLC, her former employer, alleging that she was injured when she slipped and fell while on the job. The district court dismissed the complaint after its own review, concluding, among other things, that Miolan had not sufficiently pled diversity jurisdiction under 28 U.S.C. § 1332. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint for lack of subject matter jurisdiction." *Amidax Trading Group v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011).

Under 28 U.S.C. § 1332(a)(1), federal district courts have subject matter jurisdiction over cases between citizens of different states when the amount in controversy exceeds $75,000. Section 1332 requires "'complete diversity,'" meaning that "all plaintiffs must be citizens of states diverse from those of all defendants." *Pennsylvania Public School Employees' Retirement System v. Morgan Stanley & Co.*, 772 F.3d 111, 117-18 (2d Cir. 2014), quoting *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005).

Here, the district court correctly concluded that Miolan failed to allege facts establishing diversity jurisdiction. Miolan alleged that she is a New York citizen and that Milmar is a limited liability company ("LLC") incorporated under the laws of, and with its principal place of business in, New York. Because Milmar is an LLC, it takes on the citizenship not of its principal place of business or state of incorporation but "of each of its members." *Carter v. HealthPort Technologies, LLC*, 822 F.3d 47, 60 (2d Cir. 2016). Yet Miolan did not specify the citizenship of Milmar's

3

members. Thus, Miolan did not meet her burden of establishing diversity jurisdiction. *See Aurecchione v. Schoolman Transportation System, Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) ("The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence.").[1] Accordingly, the district court correctly dismissed Miolan's complaint. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Miolan does not address the jurisdictional issue on appeal, let alone provide a reason to question the district court's conclusion. Nor does she provide a reason to believe that federal question jurisdiction may be present; the facts—involving personal injuries sustained in a slip and fall on Milmar's property—do not appear to raise a federal question.

---

[1] Even if an LLC's citizenship were determined by its place of incorporation or principal place of business, diversity jurisdiction still would not exist in this case, because both Miolan and Milmar would be New York citizens. *See Norwalk v. Air-Way Electric Appliance Corp.*, 87 F.2d 317, 318 (2d Cir. 1937) ("No diversity jurisdiction exists where the plaintiff is a citizen of the same state as any defendant.").

Generally, when a plaintiff proceeds without counsel, as does Miolan, the "'complaint should not be dismissed without the [c]ourt granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014), quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). However, the court may deny leave to amend "'when amendment would be futile.'" *Id.*, quoting *Tocker v. Philip Morris Companies*, 470 F.3d 481, 491 (2d Cir. 2006). That is what the district court did here.

We review *de novo* the district court's denial of leave to amend as futile and conclude that it correctly denied leave to amend. *See id.* Miolan did not file a proposed amended complaint that could serve as a basis for granting leave to amend, and she does not suggest any such basis—indeed, she does not address the issue at all—on appeal. Moreover, Miolan's complaint—which is based on state law and is between non-diverse parties—gives no "'indication that a [basis for jurisdiction] might be stated.'" *Id.*, quoting *Chavis*, 618 F.3d at 170. Thus, granting leave to amend would be futile. *See Gosain v. State Bank of India*, 414 F. App'x 311, 315 (2d Cir. 2011) (summary order).

5

As a final matter, "dismissals for lack of subject matter jurisdiction 'must be without prejudice, rather than with prejudice.'" *Green v. Department of Education of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021), quoting *Carter*, 822 F.3d at 54. Here, the district court did not specify whether its dismissal was with or without prejudice. We therefore modify the judgment to reflect that the dismissal was without prejudice to refiling in a court that has jurisdiction to address Miolan's claims. *See De La Motte v. Menifee*, 40 F. App'x 639, 640 (2d Cir. 2002) (summary order).

We have considered Miolan's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM AS MODIFIED** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6